# EXHIBIT 13



## FIFTH THIRD BANK

### CONTINUING GUARANTY

This Continuing Guaranty ("Guaranty") is made as of the date set forth below by **DWAYNE PETERSON DAVIS** ("Guarantor") in favor of **FIFTH THIRD BANK**, an Ohio banking corporation located at 38 Fountain Square Plaza, Cincinnati, Hamilton County, Ohio 45263, for itself and as agent for any affiliate or subsidiary of Fifth Third Bancorp, and their respective successors and assigns (individually and collectively, the "Beneficiary").

Beneficiary has extended credit or agreed to extend credit or make other financial accommodations to **Reclaim LLC, Reclaim Nova, LLC, and Reclaim Logistics, LLC,** each a limited liability company organized under the laws of the State of Delaware (collectively, and individually, "Obligor") pursuant to one or more master loan agreements, credit agreements, notes, master lease agreements, equipment lease schedules, or other evidences of indebtedness, and all agreements, instruments and documents executed contemporaneously with this Guaranty or executed in the future, or delivered in connection with the foregoing or otherwise related thereto (together with any amendments, modifications, or restatements thereof, the "Documents").

Guarantor is affiliated with Obligor and, as such, shall be benefited directly by the transaction(s) contemplated by the Documents, and has agreed to execute this Guaranty in order to induce Beneficiary to enter into such transaction(s).

Accordingly, in consideration of the foregoing premises and other good and valuable consideration, Guarantor guarantees, promises and undertakes as follows:

1.    <u>Guaranty</u>.

(a)    Guarantor hereby unconditionally, absolutely and irrevocably guarantees to Beneficiary the full and prompt payment and performance when due (whether at maturity by acceleration or otherwise) of any and all rents, leases, loans, advances, indebtedness and each and every other obligation or liability of Obligor owed to Beneficiary, however created, of every kind and description, whether now existing or hereafter arising and whether direct or indirect, primary or as guarantor or surety, absolute or contingent, due or to become due, liquidated or unliquidated, matured or unmatured, participated in whole or in part, created by trust agreement, lease, overdraft, agreement, or otherwise, whether or not secured by additional collateral, whether originated with Beneficiary or owed to others and acquired by Beneficiary by purchase, assignment or otherwise, and including, without limitation, all rents, taxes, tax reimbursements, leases, loans, advances, indebtedness, expenses incurred for the protection, preservation and disposition of collateral securing any loan and any equipment subject to any lease, tort claims, indemnification claims, reimbursement obligations, obligations incurred in connection with the financing of any buy-outs or residuals, and each and every other obligation or liability arising under the Documents, letters of credit now or hereafter issued by Beneficiary for the benefit of or at the request of Obligor, all obligations to perform or forbear from performing acts, any and all Rate Management Obligations and obligations constituting Rents (to the extent such terms are applicable and as are defined in the Documents), and all agreements, instruments and documents evidencing, guarantying, securing or otherwise executed in connection with any of the foregoing, together with any amendments, modifications, and restatements thereof, and all expenses and attorneys' fees incurred or other sums disbursed by Beneficiary under this Guaranty or any other document, instrument or agreement related to any of the foregoing (collectively, the "Obligations").

©2008 Fifth Third Bancorp

(b)      This Guaranty is a continuing guaranty of payment, and not merely of collection, that shall remain in full force and effect until expressly terminated in writing by Beneficiary, notwithstanding the fact that no Obligations may be outstanding from time to time.  Such termination by Beneficiary shall be applicable only to transactions having their inception after the effective date thereof, and shall not affect the enforceability of this Guaranty with regard to any revolving credit Obligations, Obligations incurred as later advances or similar extensions of credit permitted under the applicable Documents, or any Obligations arising out of transactions having their inception prior to such effective date, even if such Obligations shall have been modified, renewed, compromised, extended, otherwise amended or performed by Beneficiary subsequent to such termination.  In the absence of any termination of this Guaranty as provided above, Guarantor agrees that Guarantor's obligations hereunder shall not be deemed discharged or satisfied until the Obligations are fully paid and performed, and no such payments or performance with regard to the Obligations is subject to any right on the part of any person whomsoever, including but not limited to any trustee in bankruptcy, to recover any of such payments.  If any such payments are so set aside or settled without litigation, all of which is within Beneficiary's discretion, or by decision of a court of competent jurisdiction, Guarantor shall be liable for the full amount Beneficiary is required to repay, plus costs, interest, reasonable attorneys' fees and any and all expenses that Beneficiary paid or incurred in connection therewith.  A successor of Obligor, including Obligor in its capacity as debtor in a bankruptcy reorganization case, shall not be considered to be a different person than Obligor; and this Guaranty shall apply to all Obligations incurred by such successor.

(c)      Guarantor agrees that Guarantor is directly and primarily liable to Beneficiary and that the Obligations hereunder are independent of the Obligations of Obligor, or of any other guarantor and, moreover, that any payment by Obligor or any such guarantor shall not reduce the liability of Guarantor to Beneficiary under this Guaranty.  The liability of Guarantor hereunder shall survive discharge or compromise of any Obligation of Obligor in bankruptcy or otherwise.  Beneficiary shall not be required to prosecute or seek to enforce any remedies against Obligor or any other party liable to Beneficiary on account of the Obligations, or to seek to enforce or resort to any remedies with respect to any collateral granted to Beneficiary by Obligor or any other party on account of the Obligations, as a condition to payment or performance by Guarantor under this Guaranty.

(d)      Beneficiary may, without notice or demand and without affecting its rights hereunder, from time to time: (i) renew, extend, accelerate or otherwise change the amount of, the time for payment of, or other terms relating to, any or all of the Obligations, or otherwise modify, amend or change the terms of the Documents or any other document or instrument evidencing, securing or otherwise relating to the Obligations, (ii) take and hold collateral for the payment of the Obligations guaranteed hereby, and exchange, enforce, waive, and release any such collateral, and apply such collateral and direct the order or manner of sale thereof as Beneficiary in its discretion may determine.  Accordingly, Guarantor hereby waives notice of any and all of the foregoing.

(e)      Guarantor hereby waives all defenses, counterclaims and off-sets of any kind or nature, whether legal or equitable, that may arise; (i) directly or indirectly from the present or future lack of validity, binding effect or enforceability of the Documents or any other document or instrument evidencing, securing or otherwise relating to the Obligations, (ii) from Beneficiary's impairment of any collateral, including the failure to record or perfect the Beneficiary's interest in the collateral, or (iii) by reason of any claim or defense based upon an election of remedies by Beneficiary in the event such election may, in any manner, impair, affect, reduce, release, destroy or extinguish any right of contribution, exoneration, indemnity, subrogation or reimbursement of Guarantor, or any other rights of the Guarantor to proceed against any other guarantor, or against any other person or any collateral.

(f)      Guarantor hereby waives all presentments, demands for performance or payment, notices of nonperformance, protests, notices of protest, notices of dishonor, notices of default or

-2-

©2008 Fifth Third Bancorp

nonpayment, notice of acceptance of this Guaranty, and notices of the existence, creation, or incurring of new or additional Obligations, including but not limited to all applicable homestead laws, and all other notices or formalities to which Guarantor may be entitled, and Guarantor hereby waives all suretyship defenses, including but not limited to all defenses set forth in the Uniform Commercial Code, as revised from time to time (the "UCC") to the full extent such a waiver is permitted thereby.

(g)    Guarantor hereby irrevocably waives all legal and equitable rights to recover from Obligor any sums paid by the Guarantor under the terms of this Guaranty, including without limitation all rights of subrogation and all other rights that would result in Guarantor being deemed a creditor of Obligor under the federal Bankruptcy Code or any other law, and Guarantor hereby waives any right to assert in any manner against Beneficiary any claim, defense, counterclaim and offset of any kind or nature, whether legal or equitable, that Guarantor may now or at any time hereafter have against Obligor or any other party liable to Beneficiary.

2.    Representations, Warranties and Covenants.  Guarantor hereby represents, warrants and covenants as follows:

(a)    Guarantor is an individual residing in the State of Georgia, with full power to enter into and to pay and perform his or her obligations hereunder, and is duly qualified or licensed in all other jurisdictions where failure to so qualify would adversely affect the conduct of his or her business or his or her ability to perform any of his or her obligations under or the enforceability of this Guaranty;

(b)    the exact legal names of Obligor and Guarantor are correctly set forth in this Guaranty;

(c)    the execution, delivery and performance hereof: (x) have been duly authorized by all necessary action on the part of Guarantor; (y) do not require the approval or consent of, or filing with any governmental authority or other person except such as have been duly obtained and delivered to Beneficiary; and (z) do not and will not contravene any law, governmental rule, regulation or order now binding on Guarantor, or the organization documents of Guarantor, or contravene the provisions of, or constitute a default under, or result in the creation of any lien or encumbrance upon the property of Guarantor under, any indenture, mortgage, contract or other agreement to which Guarantor is a party or by which Guarantor or his or her property is bound, which in any such case would adversely affect the conduct of Guarantor's business or his or her ability to perform any of his or her obligations under or the enforceability of this Guaranty;

(d)    this Guaranty is a legal, valid, and binding obligation of Guarantor, enforceable in accordance with its terms;

(e)    there are no pending actions or proceedings to which Guarantor is a party, and there are no other pending or threatened actions or proceedings of which Guarantor has knowledge, before any court, arbitrator or administrative agency, which, either individually or in the aggregate, would adversely affect the financial condition of Guarantor, or the ability of Guarantor to perform his or her obligations hereunder or remain in compliance with the provisions hereof;

(f)    the financial statements of Guarantor (copies of which have been furnished to Beneficiary) have been prepared in accordance with generally accepted accounting principles consistently applied, and fairly present Guarantor's financial condition and his or her net worth, income, expense and contingent liabilities as of the date of and for the period covered by such statements, and since the date of such statements there has been no material adverse change in the Guarantor's financial condition, income or operations; and

©2008 Fifth Third Bancorp

(g)     upon request of Beneficiary, Guarantor shall furnish to Beneficiary copies of all federal, state and local income tax returns of the Guarantor and such other information as Beneficiary may reasonably request.

3.     <u>Financials and Further Assurances.</u>

(a)     Within one hundred twenty (120) days after the end of each year, a personal balance sheet and income statement on a form prescribed by Beneficiary (or in such other form as Beneficiary may accept) accurately reflecting the assets and liabilities of Guarantor (including, without limitation, guaranties of other Indebtedness for which the Guarantor may become liable and other contingent liabilities) and the income and expenses of Guarantor, all of which shall be certified as complete and correct by Guarantor.

(b)     A copy of Borrower's federal income tax return, prepared by a firm of independent certified public accountants acceptable to Lender, with all schedules attached thereto at the time such return is filed with the Internal Revenue Service and in any event within 120 days of the end of each calendar year.

(c)     Guarantor shall provide Beneficiary with such information as required under any Loan Agreement between Borrower and Bank. All such financial statements shall be prepared in accordance with generally accepted accounting principles, consistently applied.

(d)     Guarantor shall provide prompt written notice to Beneficiary (i) of any Event of Default (ii) of any loss or damage to any collateral for any loan or any equipment under lease, and (iii) any existing or threatened investigation, claim or action by any governmental authority which could adversely affect any collateral or any equipment subject to any lease or this Guaranty.

(e)     Guarantor shall furnish such other information as Beneficiary may reasonably request from time to time relating to any collateral for any loan or any equipment under lease or the operation or condition of Guarantor including, without limitation, such additional financial statements of the Guarantor for such periods as Beneficiary may request.

4.     <u>Events of Default</u>. Any of the following occurrences shall constitute an "Event of Default" under this Guaranty:

(a)     Obligor shall fail to make any payment as and when due according to the requirements of the Documents, after the expiration of any applicable grace period, or an "Event of Default" shall occur under the terms of the Documents or any other document or instrument evidencing, securing or otherwise relating to the Obligations, as "Event of Default" shall be defined therein;

(b)     Guarantor shall fail to observe or perform any covenant, condition, or agreement under this Guaranty for a period of thirty (30) days from the date of such breach, or any representation or warranty of Guarantor set forth in this Guaranty shall be materially inaccurate or misleading when made or delivered;

(c)     the death or legal incompetence of Guarantor or of any endorser or other guarantor of the Obligations, *provided, however,* that the death or legal incompetence of the Guarantor shall not be deemed an Event of Default hereunder if a substitute guarantor of the Obligations reasonably satisfactory to Beneficiary executes and delivers a continuing guaranty substantially similar to this Guaranty within sixty (60) days of the death or legal incompetence of the Guarantor;

(d)     the default by Guarantor under the terms of any Indebtedness of Guarantor now or hereafter existing, which default has not been cured within any time period permitted pursuant

- 4 -

©2008 Fifth Third Bancorp

to the terms and conditions of such indebtedness or the occurrence of an event which gives any creditor the right to accelerate the maturity of any such indebtedness;

(e)     the commencement by Guarantor of a voluntary case under any applicable bankruptcy, insolvency or other similar law now or hereafter in effect; or the entry of a decree or order for relief in respect of Guarantor in a case under any such law or appointing a receiver, liquidator, assignee, custodian, trustee, sequestrator (or other similar official) of Guarantor or for any substantial part of Guarantor's property, or ordering the wind-up or liquidation of Guarantor's affairs; or the filing and pendency for 30 days without dismissal of a petition initiating an involuntary case under any such bankruptcy, insolvency or similar law; or the making by Guarantor of any general assignment for the benefit of creditors; or the failure of Guarantor generally to pay Guarantor's debts as such debts become due; or the taking of action by Guarantor in furtherance of any of the foregoing; or

(f)     the revocation or attempted revocation of this Guaranty by Guarantor before the termination of this Guaranty in accordance with its terms, or the assignment or attempted assignment of this Guaranty by Guarantor.

5.     Remedies.

(a)     Whenever any Event of Default as defined herein shall have happened, Beneficiary, in its sole discretion, may take any remedial action permitted by law or in equity or by the Documents or any other document or instrument evidencing, securing or otherwise relating to the Obligations, including demanding payment in full of all sums guaranteed hereby, plus any accrued interest or other expenses.

(b)     If Beneficiary should employ attorneys or incur other expenses for the enforcement of this Guaranty, Guarantor, on demand therefore, shall reimburse the reasonable fees of such attorneys and such other expenses to the extent permitted by law.

(c)     No remedy set forth herein is exclusive of any other available remedy or remedies, but each is cumulative and in addition to every other remedy given under this Guaranty or now or hereafter existing at law or in equity or by statute. No delay or omission on the part of Beneficiary to exercise any right or remedy shall be construed to be a waiver thereof, but any such right or remedy may be exercised from time to time and as often as may be deemed expedient thereby, and a waiver on any one occasion shall be limited to that particular occasion.

6.     Financial Condition of Obligor.  Guarantor is presently informed of the financial condition of Obligor and of all other circumstances that a diligent inquiry would reveal and which would bear upon the risk of nonpayment of any of the Obligations.  Guarantor hereby covenants that Guarantor shall continue to keep informed of such matters, and hereby waives Guarantor's right, if any, to require Beneficiary to disclose any present or future information concerning such matters including, but not limited to, the release of or revocation by any other guarantor.

7.     Subordination.  All indebtedness and liability now or hereafter owing by Obligor to Guarantor is hereby postponed and subordinated to the Obligations owing to Beneficiary; and such indebtedness and liability to Guarantor, if Beneficiary so requests, shall be collected, enforced and received by Guarantor as trustee for Beneficiary and be paid over to Beneficiary on account of the Obligations.

8.     Notices.  Any notices under or pursuant to this Guaranty shall be deemed duly sent when delivered in hand or when mailed by registered or certified mail, return receipt requested, addressed to Beneficiary at the address set forth above and to Guarantor at the address set forth on the signature page hereof.  Either party may change such address by sending notice of the change to the other party.

- 5 -

©2008 Fifth Third Bancorp

9.    <u>Governing Law; Choice of Forum and Jury Trial Waiver.</u>  This Guaranty shall be governed by and construed in accordance with the laws of the State of Ohio.  Any judicial proceeding arising out of or relating to this Guaranty may be brought in any court of competent jurisdiction in Hamilton County, Ohio and each of the parties hereto (i) accepts the nonexclusive jurisdiction of such courts and any related appellate court and agrees to be bound by any judgment rendered by any such court in connection with any such proceeding and (ii) waives any objection it may now or hereafter have as to the venue of any such proceeding brought in such court or that such court is an inconvenient forum.  **GUARANTOR HEREBY WAIVES TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO WHICH GUARANTOR AND BENEFICIARY MAY BE PARTIES ARISING OUT OF OR IN ANY WAY PERTAINING TO THIS GUARANTY OR THE DOCUMENTS.**

10.    <u>Several Provisions.</u>  Any provision of this Guaranty which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and any such prohibition or unenforceability shall not invalidate or render unenforceable such provision in any other jurisdiction.  Captions are intended for convenience or reference only, and shall not be construed to define, limit or describe the scope or intent of any provisions hereof.

11.    <u>Miscellaneous.</u>

(a)    This Guaranty may be executed by the parties hereto in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute but one and the same instrument.

(b)    This Guaranty is the complete agreement of the parties hereto with respect to guarantee obligations of Guarantor, except for such further assurances, guaranties, ratifications, affirmations, certificates or other instruments executed in furtherance hereof, and any security documents or instruments further securing Guarantor's obligations to Beneficiary, and supersedes all previous oral and written understandings and agreements relating to the subject matter hereof.

(c)    Neither this Guaranty nor any of the terms hereof may be terminated, amended, supplemented, waived or modified orally, but only by an instrument in writing signed by the party against whom enforcement of the termination, amendment, supplement, waiver or modification is sought.

(d)    As the context herein requires, the singular shall include the plural and one gender shall include one or both other genders.

(e)    This Guaranty shall inure to the benefit of Beneficiary's successors and assigns and shall be binding upon the heirs, executors, administrators, successors and assigns of Guarantor.  This Guaranty is not assignable by Guarantor.

(f)    It is the intent of the parties that the obligations of Guarantor hereunder shall be in, but not in excess of, the maximum amount permitted by applicable laws.  If, and only to the extent, that any such obligations are or would be void, voidable or otherwise unenforceable, the obligations of Guarantor hereunder shall be limited to the maximum amount that would not make such obligations void, voidable or otherwise unenforceable.

*[Remainder of page intentionally left blank; signature page follows]*

- 6 -

©2008 Fifth Third Bancorp

IN WITNESS WHEREOF, Guarantor has caused this instrument to be duly executed this 3rd day of May, 2018.

Dwayne Peterson Davis

By:

Address: 869 Haven Oaks Ct. NE

Atlanta, GA 30342

- 7 -

©2008 Fifth Third Bancorp